**Thayer Trust**

*Bruce L. Castor* and *M. Paul Smith,* for accountant.

TAXIS, *P. J.,* June 10, 1975—The account shows a balance of principal of $726,949.48 and income of $3,119.39, composed of real estate, 410 Fishers Road, Bryn Mawr, $88,000, the securities set forth on page 3 of the account, and cash . . .

Paragraph G of paragraph 11 of the petition for adjudication raises an interesting problem concerning trust administration. The account shows disbursements of $7,490 to Loomis-Sayles and Company for investment counsel services from October 1, 1972, through October 1, 1974. Also shown are disbursements of $1,440 to Philadelphia National Bank for custodial services. The request for approval raises an interesting and important question concerning trust administration as to whether a trustee can properly employ investment counsel at the expense of the estate. Some jurisdictions have held that the trustee has such power although an opposite result has obtained in other jurisdictions. See Scott on Trusts, §188.3, at page 1532. It appears, therefore, that each case must turn on its own particular circumstances.

Here, there is a large and diversified portfolio of securities. Testator, for personal reasons, chose to appoint his son executor and trustee, and presumably knew that he would not necessarily be an expert in investments when he served in those capacities. There is no requirement in Pennsylvania law that a fiduciary be a confirmed expert in handling any particular type of estate or trust asset;

he is only required to exercise the same care and prudence in handling estate assets as he would in regard to his own assets: Section 7302 Probate, Estates and Fiduciaries Code, act of June 30, 1972 P. L. 508 (No. 164), 20 Pa. C.S. §7302. In these circumstances, we believe that employment of specialized investment counsel at the cost of the estate is not significantly different in general than purchasing insurance or otherwise guarding and protecting the estate assets from any other type of foreseeable loss or damage. Of course, the fiduciary must not surrender his ultimate judgment or responsibility to hired counsel: Franklin Trust, 10 Fiduc. Rep. 444 (1960). However, there is no indication that accountant here has done anything more than obtain the advice of persons more expert than he in the investment field as a basis for his acts. (We note that the Uniform Trustees' Powers Act, not yet adopted in Pennsylvania, would permit charges such as the present ones). Furthermore, the court has the power, upon petition of any interested party, to review the propriety of such employment and the reasonableness of the compensation of any person so employed together with the reasonableness of the compensation determined by the trustees for their own services. Cf. section 7-205 of the Uniform Probate Code. Approval, therefore, of these expenses by the trustees is granted and they are to be allocated as expenses of administration equally between principal and income. The same shall be reflected in the schedule of distribution hereinafter directed to be filed.

The amount and manner of division of these charges is to remain subject to the continuing jurisdiction of this court.